

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00171-CR

---

JASHUN R RILEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 23F0740-005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

A Bowie County jury found Jashun R. Riley guilty of three counts of sexual assault of a child, second-degree felonies, and sentenced him to twenty years' imprisonment on each count and assessed a fine of $10,000.00.[1]  *See* TEX. PENAL CODE ANN. § 22.011(a)(2).  The trial court ordered the sentences to run consecutively.  Riley appeals his convictions, arguing that he was denied his right to confront the alleged victim with evidence that contradicted her accusation that she was sexually assaulted.  Because we find that Riley failed to preserve the issue he presents on appeal, we affirm the trial court's judgment.

## I.      Riley Failed to Preserve His Sole Complaint

The State filed a motion in limine prior to trial seeking to exclude any alleged misconduct or bad acts of the alleged victim.  At the motion in limine hearing prior to trial, Riley asked the trial court to review evidence related to the alleged victim that Riley intended to introduce at trial.  The evidence purportedly related to the alleged victim's bad acts, which Riley argued went to her credibility.  The evidence, photographs and video recordings described as "explicitly sexual," was viewed by the trial court in-camera.  After reviewing the evidence, the trial court excluded the exhibits pursuant to the State's request in its motion in limine pursuant to Rule 412 of the Texas Rules of Evidence.  *See* TEX. R. EVID. 412.

---

[1]In this memorandum opinion, we address Riley's challenge to his conviction in trial court cause number 23F0740-005.  In his companion appellate cause number 06-25-00172-CR, Riley challenges his conviction for one count of sexual assault of a child in trial court cause number 24F0718-005.  *See* TEX. PENAL CODE ANN. § 22.011(a)(2).  In his companion appellate cause number 06-25-00173-CR, Riley challenges his conviction for one count of sexual assault of a child in trial court cause number 24F0719-005.  *See* TEX. PENAL CODE ANN. § 22.011(a)(2).

At trial, when the State finished questioning the alleged victim on re-direct examination, Riley approached the trial court and argued that the door had been opened regarding previous sexual abuse and thus sought to renew his motion to admit the "videos and other information that [he] asked to be admitted." The trial court reiterated that it would not allow Riley to "get into [the] past sexual history of an alleged victim" as it is prohibited by Rule 412. No argument was made by Riley as to why the evidence was admissible over a Rule 412 objection.

### A. Standard of Review

To preserve error when a trial court excludes evidence, a party must show the substance of the excluded evidence by offer of proof unless the substance is apparent from the context of the questions asked. *See* TEX. R. APP. P. 33.2; TEX. R. EVID. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009); *see also Golliday v. State*, 560 S.W.3d 664, 670–71 (Tex. Crim. App. 2018). We review a trial court's exclusion of evidence for an abuse of discretion. *Hart v. State*, 688 S.W.3d 883, 891 (Tex. Crim. App. 2024) (plurality op.); *Bautista v. State*, 189 S.W.3d 365, 368 (Tex. App.—Fort Worth 2006, pet. ref'd).

"If a proponent of evidence wishes to complain on appeal regarding the exclusion of that evidence, 'it is not enough to [have] t[old] the judge that [the] evidence [wa]s admissible'; the proponent 'must have told the judge why the evidence was admissible.'" *Stephenson v. State*, 673 S.W.3d 370, 386 (Tex. App.—Fort Worth 2023, pet. ref'd) (alterations in original) (quoting *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (citing TEX. R. APP. P. 33.1(a)(1)(A))). "If the proponent did not tell the trial court why the evidence was admissible, or if the ground for admission that he gave the trial court does not comport with his argument on

appeal, then 'he has preserved nothing for review.'" *Id.* at 386–87 (quoting *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) (citing *Reyna*, 168 S.W.3d at 177–80; *McDonald v. State*, No. 02-13-00483-CR, 2015 WL 2353307, at \*3 (Tex. App.—Fort Worth May 14, 2015, no pet.) (mem. op., not designated for publication))).   Moreover, a constitutional argument regarding the admission or exclusion of evidence must be made in the trial court to be preserved for appeal.  *Golliday*, 560 S.W.3d at 670 (quoting *Clark v. State*, 365 S.W.3d 333, 340 (Tex. Crim. App. 2012)) ("Parties are not permitted to 'bootstrap a constitutional issue from the most innocuous trial objection,' and trial courts must be presented with and have the chance to rule on the specific constitutional basis for admission because it can have such heavy implications on appeal.").

Here, prior to questioning the alleged victim on re-cross examination, the only argument made by Riley was that the door had been opened to the alleged victim's prior sexual abuse.  At no point did Riley discuss the requirements of Rule 412 or whether the evidence at issue fell within any of Rule 412's exceptions.  *See Stephenson*, 673 S.W.3d at 387.  Having failed to make this argument during trial, Riley is precluded from raising it on appeal.  *See Reyna*, 168 S.W.3d at 179–80; *see also Barker v. State*, No. 01-19-01009-CR, 2021 WL 4733789, at \*5 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, pet. ref'd) (mem. op., not designated for publication) (holding defendant forfeited complaint that evidence excluded under Rule 412 was "constitutionally required" under Rule 412(b)(2)(E) when he argued at trial that it was admissible to prove "motive or bias" under Rule 412(b)(2)(C)).

Because Riley failed to preserve this argument for appellate review, we overrule his sole issue on appeal.

## II.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     July 16, 2026
Date Decided:       July 22, 2026

Do Not Publish